**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SINTEL GIBSON,**

       **Plaintiff,**

**v.**                                                           **Civil Action No. 3:16CV147
(GROH)**

**WEST VIRGINIA STATE POLICE, et al.**

       **Defendants.**

**REPORT AND RECOMMENDATION DISMISSING
CERTAIN DEFENDANTS AND ISSUING SUMMONS AS TO OTHERS**

The plaintiff, a non-prisoner, living in Keyser, WV, initiated this case pursuant to a civil rights complaint filed on October 24, 2016. ECF No. 1. Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. ECF No. 2. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. § 1915(e).

## I. The Complaint

In the complaint, the plaintiff alleges violations of 42 U.S.C. 1983 and 42 U.S.C. 1985 and violations of his First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the U.S. Constitution. ECF No. 1 at 7. Plaintiff's allegations result from events surrounding a "raid" of Pristine PreOwned Auto, Inc. at 474 South Mineral Street, Keyser, West Virginia 26726 on October 23, 2014. Id. A search warrant was issued by Mineral County Magistrate Sue Roby (now deceased) for evidence of alleged crimes committed by Plaintiff's employer and concealed at that address. Id. Plaintiff complains, among

other things, that officers illegally searched his personal property and his personal residence. Id. Plaintiff further alleges that he was illegally detained and his property was seized without due process of law. Id. at 12. Specifically, Plaintiff alleges that the officers searched the contents of his cell phone without a warrant. Lastly, Plaintiff alleges that a false felony charge was instituted against him for failing to provide information about his employer. Id. at 17.

Additionally, Plaintiff alleges that on August 17, 2016, officers illegally attempted to confiscate a 2007 Suzuki motorcycle.

## II. Standard of Review

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; *see also* 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with their request or Motion for Leave to Proceed *In Forma Pauperis*. *See* FED. R. CIV. P. 24. The Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's

own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the Court liberally construes the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, a case may be dismissed if the court finds the complaint to be frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Id. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute also allows for a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(B)(2). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal

3

for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley, 355 U.S. at 45-46 (1957).

### III. Analysis

**A. Dismissal of West Virginia State Police, Mineral County Sheriff's Department, City of Keyser Police Department and West Virginia University Police Department.**

Plaintiff has brought claims pursuant to 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. The initial inquiry in § 1983 case is as follows: (1) was the conduct complained of committed by **a person** acting under the color of state law and (2) did that conduct deprive the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995); *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992).

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that **a person** acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

The West Virginia State Police, Mineral County Sheriff's Department, City of Keyser Police Department and West Virginia University Police Department are not proper defendants because these entities are not **persons** subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F. Supp.1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.")

**B. DISMISSAL OF JEREMY TAYLOR, in official capacity and individual capacity as a Sheriff of Mineral County**

In his complaint, plaintiff names Jeremy Taylor in his capacity as a Sheriff of Mineral County. However, the plaintiff does not specifically name Jeremy Taylor as being personally involved in the alleged violation of his constitutional rights.

There is no *respondeat superior* liability under § 1983. See Monnell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[1]

Because the plaintiff fails to allege any personal involvement on the part of Sheriff Jeremy Taylor and does not make any allegations which reveal the presence of the required elements for supervisory liability, plaintiff fails to state a claim against him and he

---

[1] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

6

should be dismissed as a defendant in this action.

**C.   HON. JAMES W. COURRIER, JR., in his official and individual capacity as the Prosecuting attorney.**

Prosecuting attorneys, who are sued under 42 U.S.C. § 1983, are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrrzenski v. Seigel, 177 F.w3d 245 (4th Cir. 1999). For instance, prosecutors are entitled to absolute immunity when seeking extradition of a defendant, Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000), or deciding to prosecute an arrestee. Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000).   Furthermore, a prosecuting attorney has absolute immunity "for initiating a prosecution and in presenting the State's case," Imbler, at 431, including preparing and filing charging documents. Kalina v. Fletcher, 522 U.S. 118, 129 (1997).There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it.   Forrester v. White, 484 U.S. 219, 229 (1988).

In the instant case, the plaintiff alleges that the Defendant Courrier, acted as undeterred, irresponsible and reckless as the rest of the Defendants by not forcing the return of Plaintiff's property and by not attempting to make the Plaintiff's situation whole again. ECF No. 1 at 13.   Plaintiff further alleges that Defendant Courrier had the delegated policy authority to set the tone of fairness and impartiality.   Id. Additionally, Plaintiff alleges in his sixth claim of relief that Defendant Courrier has violated his speedy

trial rights by allowing the false felony charge against him to linger for not cooperating and not providing information against his employer. Id. at 19. Further, Plaintiff alleges that these violations were objectively unreasonably and vindictive and the Defendant Courrier knew that Trooper Droppleman filed false charges. Clearly the defendant was performing prosecutorial functions when these alleged actions were taken. Consequently, the defendant is entitled to absolute immunity concerning his actions involving the plaintiff.

**D. Unknown Law Enforcement Officers and Supervisors who participated in the raid of Plaintiff's apartment on October 23, 2014.**

The Court first notes that in addition to the named defendants, the plaintiff has also attempted to name unknown officers as defendants. The Court construes this as an attempt by the plaintiff to name John and/or Jane Doe defendants. A plaintiff may name a "John or Jane Doe" as a defendant when the identity of a defendant is unknown. Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980). **The plaintiff will be given an additional thirty (30) days in which to identify them. Failure to do so within the allotted time will result in their dismissal from this action.**

**E.    Remainder of Defendants**

Based upon a preliminary review of the complaint, the undersigned finds that summary dismissal as to Trooper John Droppleman, Trooper Wisner, Trooper Travelpiece, Deputy Larry Virts, WVU police officer Eric Veach, Deputy Frank, Deputy Saville and Jeffrey Connelley is not appropriate at this time.

### IV.   Recommendation

Accordingly, the undersigned recommends that **Defendants, WEST VIRGINIA STATE POLICE, MINERAL COUNTY SHERIFF'S DEPARTMENT, CITY OF KEYSER POLICE DEPARTMENT, WEST VIRGINIA UNIVERSITY POLICE DEPARTMENT, JEREMY TAYLOR and HON. JAMES W. COURRIER, JR** be **DISMISSED WITH PREJUDICE** from Complaint [ECF No. 1] in accordance with 28 U.S.C. §1915(e) for failure to state a claim upon which relief can be granted against this Defendants as discussed above.

Additionally, the undersigned recommends that the District Judge give **plaintiff an additional thirty (30) days in which to identify these "unknown defendants." Failure to do so within the allotted time will result in their dismissal from this action.**

Further, the undersigned recommends that the District Judge direct the Clerk to issue a twenty-one (21) day summons for each of the following defendants: Trooper John Droppleman, Trooper Wisner, Trooper Travelpiece, Deputy Larry Virts, WVU police officer Eric Veach, DeputyFrank, Deputy Saville and Jeffrey Connelley.[1]

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Gina M. Groh, United

---

[1] The summons should be directed to the defendants at the addresses provided by the plaintiff. The District Judge should further direct the Clerk to forward a copy of her Order, a copy of the complaint [1], a completed summons and a completed Marshal 285 Form for each of the individual defendants to the United States Marshal Service. The Marshal Service shall serve the defendants within thirty (30) days from the date of the District Judge's Order directing the same.

States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: November 29, 2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE