IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SINTEL GIBSON,**

    Plaintiff,

**v.**
                                            **CIVIL ACTION NO.: 3:16-CV-147**
                                            **(GROH)**

**WEST VIRGINIA STATE POLICE,**
**MINERAL COUNTY SHERIFF'S DEPARTMENT,**
**CITY OF KEYSER POLICE DEPARTMENT,**
**WEST VIRGINIA UNIVERSITY POLICE DEPARTMENT;**
**and TROOPER JOHN DROPPLEMAN,**
**TROOPER WISNER, TROOPER TRAVELPIECE,**
**JEREMY TAYLOR, LARRY VIRTS, JR.,**
**ERIC VEACH, DEPUTY FRANKS,**
**DEPUTY SAVILLE, JEFFERY CONNELLY,**
**HON. JAMES W. COURRIER, JR., and**
**OTHER UNKNOWN LAW ENFORCEMENT**
**OFFICERS AND SUPERVISORS WHO**
**PARTICIPATED IN THE RAID OF PLAINTIFF'S**
**APARTMENT ON OCTOBER 23, 2014,**
**in their individual and official capacities.**

    Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO IDENTIFY UNKNOWN DEFENDANTS.

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to the Northern District of West Virginia's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 5] on November 29, 2016. In the

R&R, he recommends that Defendants West Virginia State Police, Mineral County Sheriff's Department, City of Keyser Police Department, West Virginia University Police Department, Jeremy Taylor and Hon. James W. Courrier, Jr. be Dismissed with prejudice from the Complaint. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). **Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order**. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the Plaintiff on December 2, 2016. ECF No. 6. Accordingly, the Plaintiff's objections were due on December 20, 2016. However, the Plaintiff's objections were not filed until December 23, 2016. ECF No. 7. The Court also reviewed the United States Post Office's tracking information, which indicated that the Plaintiff deposited his objections in the mail on December 22, 2016.

Upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Further, upon review and consideration of the Plaintiff's motion seeking more time to identify unknown defendants, the Court finds that the Plaintiff has shown good cause to grant the motion. Specifically, the Plaintiff has provided the Court with documentation that he has submitted Freedom of Information Act ("FOIA") requests to various agencies in order to determine the identities of the unknown defendants. Therefore, the Court **GRANTS** the Plaintiff's motion. The Plaintiff shall have until January 31, 2017, to identify the unknown defendants or they will be dismissed from this action.

The Clerk of the Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** January 11, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE