IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

SINTEL GIBSON,

    Plaintiff,

v.                                   CIVIL ACTION NO. 3:16-CV-147 (GROH)

TROOPER JOHN DROPPLEMAN, in his
Official and individual capacity as the Lead
Supervisor, TROOPER WISNER, in his official
and individual capacity as the Senior Officer
on the scene, TROOPER TRAVELPIECE, in
his official and individual capacity as the
investigating officer, LARRY VIRTS, JR., in his
official and individual capacity as a Sheriff
Deputy of Mineral County, ERIC VEACH, in
his official and individual capacity as a West
Virginia University Police Officer, DEPUTY
FRANKS and SAVILLE, in their official and
individual capacity as Deputies of the Mineral
County Sheriff Department, JEFFERY
CONNELLEY, in his official and individual
Capacity as the Mineral County Process
Server for the Sheriff's Department,
OTHER UNKNOWN LAW ENFORCEMENT
OFFICERS AND SUPERVISORS WHO
PARTICIPATED IN THE RAID OF PLAINTIFF'S
APARTMENT ON OCTOBER 23, 2014,
in their individual and official capacities,
CAPTAIN RJ WINGLER, OFFICER CHAD
ROBINETTE, J. HUDSON, and CHIEF B. KERLING,

    Defendants.

## *ROSEBORO* NOTICE

On February 23, 2017, Defendant Eric Veach filed a motion to dismiss [ECF No. 30] the *pro se* Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and other grounds for dismissal. On March 7, 2017, three more of the above-named Defendants, Brian Kerling, Chad Robinette and Jon Hudson, did the same [ECF No. 36].

The Court notes that the Plaintiff is proceeding *pro se*. The Court has a mandatory duty to advise the Plaintiff of his right to file responsive material, and to alert him to the fact that his failure to so respond might result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979) (per curiam); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). The Plaintiff is so advised.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Servs. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). However, the complaint must state a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In determining whether a claim for relief is plausible, a court must examine the factual allegations presented to determine if they are sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Within thirty (30) days of entry of this Order, the Plaintiff shall file any opposition explaining why this case should not be dismissed. The Plaintiff is further advised that he must serve the Defendants with any response that he files.

The Clerk is **DIRECTED** to transmit copies of this Notice to all counsel of record herein and to send a copy by certified mail, return receipt requested, to the *pro se* Plaintiff.

**DATED:** March 21, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE